IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2020 JAN -9  A 10: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CLAUD CLARK III, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Respondent. | )<br>) |

No. 2:20-MC-3905

## PETITION TO QUASH IRS SUMMONS

Pursuant to 26 U.S.C. § 7609(b)(2), Claud Clark III petitions the Court to quash a summons issued by the Internal Revenue Service ("IRS") to the Alabama Real Estate Appraisers Board for records relating to an administrative complaint against Mr. Clark (the "Administrative Complaint"). The summons, a copy of which is attached as Exhibit A, purportedly concerns the 2016 taxable year of Rock Spring, LLC, an entity that was not involved in any way with the Administrative Complaint.

### Jurisdiction and Parties

1.  Jurisdiction is conferred on this Court by 26 U.S.C. § 7609(h)(1). It provides in pertinent part that "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2)."

2.  The summons was issued to the Alabama Real Estate Appraisers Board at 100 N. Union Street, Suite 370, Montgomery, Alabama 36104.

3.  Claud Clark III is the petitioner. He lives in Magnolia Springs, Alabama.

1

4. The United States is the respondent.

5. This petition was filed on January 9, 2020, within 20 days after December 23, 2019, the day on which notice of the summons was sent by certified mail to the petitioner.

6. The petitioner timely notified the summoned party and the IRS of his petition to quash by sending a copy of the petition by certified mail on January 9, 2020, to the following:

Alabama Real Estate Appraisers Board
100 N. Union Street, Suite 370
Montgomery, AL 36104

Internal Revenue Service
2888 Woodcock Blvd, Mail Stop 652-D
Atlanta, GA 30341
Attn: R.A. Benjamin M. Brantley

*See* 26 U.S.C. § 7609(b)(2)(B); Ex. B (copy of certified mailing labels and envelopes).

7. The Clerk's office will serve the United States with this petition and the summons on behalf of Mr. Clark by sending a copy of each by certified mail on January 9, 2020, to the following:

United States of America
Louis V. Franklin, Sr., U.S. Attorney
U.S. Attorney's Office,
Middle District of Alabama
131 Clayton Street
Montgomery, AL 36104

Attorney General William Barr
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*See* Fed. R. Civ. P. 4(i); United States District Court Middle District of Alabama, *A Simple Guide to Filing a Civil Action* (01/16); Ex. C (copy of certified mailing labels and envelopes, copy of summonses).

## Objections – Relevance

8. The summoned documents are not relevant to and do not bear upon the matter being investigated—*i.e.*, the IRS's examination of Rock Spring, LLC's 2016 taxable year.

9. Deductions in excess of $5,000 for charitable contributions of noncash property must be substantiated by a "qualified appraisal" conducted by a "qualified appraiser" in accordance with generally accepted appraisal standards. 26 U.S.C. § 170(f)(11)(C), (E).

10. A "qualified appraiser" is an individual who has earned an appraisal designation from a recognized professional appraiser organization or has otherwise met minimum education and experience requirements prescribed by the Secretary of Treasury, and who regularly performs appraisals for which the individual receives compensation, and who meets such other requirements prescribed by the Secretary. 26 U.S.C. § 170(f)(11)(E)(ii).

11. An individual shall not be treated as a "qualified appraiser" with respect to any specific appraisal unless the individual demonstrates verifiable education and experience in valuing the type of property subject to the appraisal, and the individual has not been prohibited from practicing before the IRS under 31 U.S.C. § 330(c) at any time during the 3-year period ending on the date of the appraisal. 26 U.S.C. § 170(f)(11)(E)(iii).

12. The IRS and the courts have repeatedly recognized the petitioner as a "qualified appraiser" of conservation easements. *See, e.g., Pine Mountain Preserve, LLLP v. Comm'r*, T.C. Memo. 2018-214; *Kiva Dunes Conservation, LLC v. Comm'r*, T.C. Memo. 2009-145.

13. The IRS and the courts have repeatedly recognized the petitioner's appraisals of conservation easements as "qualified appraisals." *See id.*

14. In 2017, petitioner conducted an appraisal of a conservation easement on land in Alabama owned by Rock Spring, LLC. On information and belief, Rock Spring, LLC utilized the appraisal to substantiate a charitable deduction for the easement contribution on its Form 1065 for 2016.

15. The Administrative Complaint did not concern Rock Spring, LLC, its members, or any property owned by Rock Spring, LLC or its members.

16. The Administrative Complaint has no bearing on whether the petitioner is a "qualified appraiser" or whether the appraisal he conducted for Rock Spring, LLC is a "qualified appraisal."

17. The Administrative Complaint has no bearing on the value of the conservation easement that the petitioner appraised for Rock Spring, LLC.

18. Consequently, the Administrative Complaint and related documents could shed no light upon the correctness of Rock Spring, LLC's 2016 Form 1065. *See Venn v. U.S.*, 400 F.2d 207, 211-212 (5th Cir. 1968).

19. Because it seeks information that is not relevant to an investigation conducted pursuant to a legitimate purpose, the summons the IRS served on the Alabama Real Estate Appraisers Board is not enforceable. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964).

### Objections – Improper Purpose

20. On December 18, 2018, the Department of Justice filed a complaint in the United States District Court for the Northern District of Georgia seeking, among other things, to permanently enjoin the petitioner from appraising conservation easements. *U.S. v. Zak et al.*, 1:18-cv-05774 (N.D. Ga.).

21. On December 19, 2018, the Department of Justice issued a press release publicizing the complaint, which included additional statements by government officials accusing the petitioner of fraud.

22. The government's accusations against the petitioner in the injunction suit and on the public record are entirely unfounded.

23. On July 2, 2019, the government served the petitioner with requests for production of documents under Fed. R. Civ. P. 34, which included requests for "Documents sufficient to identify each complaint that has been filed against you with respect to your appraisal practice, including but not limited to complaints with any licensing board or any appraisal institute" and "Documents sufficient to identify each investigation regarding your appraisal practice by a licensing board, appraisal institute, or other entity that which [sic] regulates your practice as an appraiser."

24. Insofar as the requests for production of documents identified in paragraph 23, above, seek materials related to the Administrative Complaint, the petitioner has objected to them and refused to produce documents.

25. The government's requests for documents related to the Administrative Complaint and the petitioner's objections to those requests remain unresolved.

26. On information and belief, the summons to the Alabama Real Estate Appraisers Board was issued for the improper purpose of circumventing discovery in *U.S. v. Zak*, and/or for the improper purpose of harassing and overburdening the petitioner.

27. On information and belief, the revenue agent who issued the summons (the "Revenue Agent") made no attempt to obtain the summoned documents through standard information gathering procedures.

28. Internal Revenue Manual 25.5.1.4 (09-10-2014) instructs IRS employees to attempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a summons.

29. The Revenue Agent's disregard of I.R.M. 25.5.1.4 suggests that the summons was issued for an improper purpose.

30. On December 24, 2019, the petitioner filed a counterclaim against the government for illegally disclosing his tax return information in the press release and in other public statements.

31. The unauthorized disclosures giving rise to the counterclaim amplify the impropriety of the government's attempt to acquire confidential documents it has heretofore been unable to obtain in the injunction suit by abusing the summons process in an unrelated investigation to which such documents are entirely irrelevant.

### Prayer for Relief

**WHEREFORE**, the petitioner respectfully asks the Court to quash the IRS summons; award costs and attorneys' fees to the petitioner to the extent allowed by law; and award such other and further relief to the petitioner as warranted.

Respectfully submitted,

Date: 1/8/2020

_____
Niles A. Elber, Esq.
DC Bar No. 488099
NC Bar No. 26679
*Attorney for Petitioner*
CAPLIN & DRYSDALE, CHTD.
One Thomas Circle, N.W., Suite 1100
Washington D.C. 20005
Tel: (202) 862-7827
Fax: (202) 429-3301
Email: nelber@capdale.com